(No. 97280

ST. CLAIR COUNTY, Appellant, v. KATHRYN PHIL-LIPS *et al.*, Appellees.

*Opinion filed October 21, 2004.*

Kevin C. Kaufhold and Aaron J. Byram, of Kaufhold & Associates, P.C., of Belleville, for appellant.

Zina Cruse, of East St. Louis, for appellee Kathryn Phillips.

JUSTICE GARMAN delivered the opinion of the court:

This case comes before us on appeal as a matter of right pursuant to Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)), because the circuit court of St. Clair County has declared a state statute to be unconstitutional. For the reasons that follow, we vacate the judgment of the circuit court.

Pursuant to section 5—1121 of the Counties Code (55 ILCS 5/5—1121 (West 2000)), plaintiff St. Clair County filed a petition for demolition in the circuit court on December 28, 2001, in which it sought authorization to demolish structures located at 128 Arlington Drive and 132 Arlington Drive in Belleville, Illinois. In addition to an order permitting demolition, the County requested expedited setting of a hearing and recovery of all costs of demolition and rehabilitation of the land, as well as court costs and attorney fees. Defendants, all of whom hold some legal or equitable interest in the subject properties,

filed their answer on June 3, 2002. After numerous delays, the matter was set for trial in October 2003.

Defendants then filed a motion to dismiss, asserting that section 5—1121 of the Counties Code is unconstitutional, citing *Village of Lake Villa v. Stokovich*, 334 Ill. App. 3d 488 (2002), in which the appellate court found section 11—31—1 of the Illinois Municipal Code (65 ILCS 5/11—31—1 (West 1996)) unconstitutional on due process grounds. According to defendants, the authority given to county boards in section 5—1121 of the County Code "directly parallels" the authority given to municipalities in section 11—31—1 of the Municipal Code. Thus, defendants claimed, because section 11—31—1 was unconstitutional, section 5—1121 did not pass constitutional muster. Specifically, they argued that, under *Stokovich*, a statute that permitted demolition upon findings that the structure is dangerous and unsafe and beyond reasonable repair, without allowing the property owner to repair the property after such findings are made, constitutes an unlawful taking without due process and without just compensation. See *Stokovich*, 334 Ill. App. 3d at 503-04. On October 6, 2003, the circuit court granted defendants' motion to dismiss, finding section 5—1121 unconstitutional.

Subsequently, in *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106 (2004), this court held that section 11—31—1 of the Municipal Code is not unconstitutional because the procedure established by the statute is rationally related to the public interest in health and safety and, further, the method chosen by the legislature to protect and further this interest is reasonable.

In the present case, the circuit court did not explain the basis for its conclusion that section 5—1121 is unconstitutional. However, as the only authority cited to the circuit court was the appellate court decision in *Stokovich*, it may reasonably be inferred that the circuit court

relied, at least in part, on this authority. We, therefore, vacate the judgment of the circuit court and remand for reconsideration in light of our decision in *Stokovich*.

For the forgoing reason, we vacate the judgment of the circuit court and remand for further proceedings.

*Vacated and remanded.*